**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| KAMAL K. ROY, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ASSOCIATION COMMITTEE TO ELECT )<br>THE REV DR. KAMAL K ROY, )<br>      Defendant. ) | | 3:08-CV-0327-N |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is an unspecified and illegible *pro se* civil action.

    Parties: Plaintiff resides in Saranac Lake, New York. The Court did not issue process in this case, pending preliminary screening.

    Findings and Conclusions: On February 28, 2008, the Court issued a notice of deficiency and order to Plaintiff. The order notified Plaintiff that his complaint and motion to proceed *in forma pauperis* were illegible. The order directed Plaintiff to submit a legible complaint and motion to proceed *in forma pauperis* within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order.

I.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to comply with the deficiency order filed in this case, but he has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

II.

This is the third action which Plaintiff files in the Northern District of Texas. *See Roy v. Unknown Defendants*, 3:07cv1395-P (N.D. Tex. 2007) (dismissed for want of prosecution pursuant to Rule 41(b)); *Geronimo, aka Kamal K. Roy v. Unknown Defendants*, 3:06cv1949-R (N.D. Tex. 2007) (same).

Plaintiff is well known in federal district courts nationwide for his abuse of the judicial process. The U.S. Party Case Index reflects he filed at least 49 actions nationwide. He has been barred from filing any future civil actions in any court in the Western District of Texas without

first seeking leave of court. *See Roy v. Association to Demand Equitable Justice*, A07-CA-957-SS, 2007 WL 4223219 (W.D. Tex. Nov. 27, 2007), findings, conclusions and recommendation accepted (Jan. 31, 2008).

In general, the court retains the inherent authority to curb abusive litigation. Federal courts in Texas will honor sanctions imposed by other federal district courts in Texas against a prisoner litigant. *See* Misc. Ord. 48 (N.D. Tex.); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of action based on enforcing other district's sanction order); *Schmidt v. Van Buren*, 243 Fed. Appx. 803 (5th Cir. Jun. 13, 2007) (unpublished per curiam) (noting district court's enforcement of sister court's sanction orders).

"In cases involving litigious, non-prisoner *pro se* plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for Misc. Ord. 48 purposes." *Sparkman v. Charles Schwab & Co., Inc., et al.*, 3:07cv1457-B (N.D. Tex. Feb. 29, 2008) (enforcing multiple sanctions and orders of the U.S. District Court for the Eastern District of Texas against non-prisoner *pro se* litigant). Accordingly, the District Court should enforce the sanction order of the Western District of Texas pursuant to Misc. Ord. 48 and dismiss this action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice, that Plaintiff's motion to proceed *in forma pauperis* be DENIED, and that Plaintiff be BARRED from filing any future civil actions in any court in the Northern District of Texas without first seeking leave of court.

Signed this 10th day of April, 2008.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.